IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                          Criminal No. 3:10cr249

SAMUEL J.T. MOORE, III

### MEMORANDUM OPINION

This matter is before the Court on DEFENDANT MOORE'S MOTION TO RECONSIDER COURT'S DENIAL OF POST-TRIAL MOTION FOR A NEW TRIAL OR IN THE ALTERNATIVE, MOTION FOR NEW TRIAL BASED ON NEWLY DISCOVERED EVIDENCE (Docket No. 82). For the reasons set forth below, the motion will be denied.

### BACKGROUND

Samuel J.T. Moore, III ("Moore") was charged with two counts of making and subscribing a false tax return ("Counts One and Two") in violation of 26 U.S.C. § 7206(1) and with one count of tax evasion ("Count Three") in violation of 26 U.S.C. § 7201. A jury convicted Moore of all three counts. On March 2, 2011, Moore filed a motion for a new trial (Docket No. 66) and a motion for acquittal on Count One (Docket No. 67). Both motions were denied by a MEMORANDUM OPINION and ORDER entered June 16, 2011 (Docket Nos. 77 and 78, respectively).

After the sentencing and entry of the Judgment in a Criminal Case, Moore filed the current motion. The predicate for the

request for reconsideration as well as the motion for new trial is the same: allegedly newly discovered evidence. Moore asserts that, at trial, he had contended that the Government's financial computations concerning gross receipts and gross income were in error in the amount of $191,236.54 for the years 2005 through 2007. As Moore correctly points out, the Government conceded at trial to an error in that area of approximately $92,000.00. At sentencing, the United States acknowledged that its error had been, as Moore had argued, $191,236.54. This concession, says Moore, constitutes newly discovered evidence which warrants reconsideration of his earlier motions (for a new trial and judgment of acquittal) or, in the alternative, the grant of a motion for a new trial at this time.

Moore asserts that the calculation of the tax amount was crucial to the Government's case and that the defendant's position on the tax computation is undermined because the Government refused to acknowledge the magnitude of the error at trial. From that premise, he asserts that: "there is simply no question that this calculation would undermine confidence in the jury's vote." At trial, however, the Government introduced substantial documentary evidence and testimony showing that, after Moore opened Club Velvet in 2000, he, alone, managed the business and controlled the flow of revenue into the club from sales of food, alcohol, and tobacco; receipts generated through pool tables and other games; lap dances;

fines paid by the dancers and employees for various infractions; door cover charges; fees to use ATMs and cash advance services at the club; and rental fees charged to the DJ. Though the club was generating substantial revenue, the defendant was deceiving his accountant respecting the amount of cash proceeds the club took in on a nightly basis by underreporting income from cover charges, lap dances, and fines on the "daily sheets" he provided to the accountant.

In late July 2005, the defendant installed three ATM machines in the club that he stocked with the unreported cash. The Government also offered key pieces of evidence in the form of two dancewatcher books, which provided an accurate picture of the club's earnings from lap dances and fines during July and August 2005, as well as December 2007 through February 2008. By extrapolating averages from these two time periods, investigators were able to calculate Moore's estimated underreported income for the tax years at issue. From Moore's bank records, investigators were able to determine the amount of cash flowing through the ATMs into the club. By analyzing his reported income, including cash, investigators found a significant shortfall between the amount of money which was withdrawn from the ATMs and all reported cash Moore had available to stock the ATMs. The amount of underreported income was in the hundreds of thousands of dollars over the three tax years in issue.

3

## DISCUSSION

### A. Motion to Reconsider

In the Fourth Circuit, there are three grounds for reconsideration of an opinion: "'(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest justice.'" Puller v. Unisource Worldwide, Inc., No. 3:08-cv-813, 2009 WL 903303, at *1 (E.D. Va. Mar. 31, 2009) (quoting Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993)); accord Univ. of Va. Patent Foundation v. Gen. Elec. Co., 755 F. Supp. 2d 738, 743-44 (W.D. Va. 2011). Clearly, a motion for reconsideration is not appropriate "'to ask the Court to rethink what the Court had already thought through,'" Puller, 2009 WL 903303, at *1 (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983); citing Zdanok v. Glidden Co., 327 F.2d 944, 953 (2nd Cir. 1964)).

Moore does not assert that there has been a change in controlling law since the previous opinions were issued nor does he argue that reconsideration is necessary to correct a clear error or to prevent manifest injustice. Instead, he contends that reconsideration is appropriate to account for new evidence. Because that issue lies at the heart of the alternative motion, which seeks a new trial to account for newly discovered evidence,

4

those issues will be discussed together. But, as explained fully below, a motion for reconsideration on the ground of "new evidence not available at trial" simply would be inappropriate here.

B. **The Defendant's Alternative Motion for a New Trial Based on Newly Discovered Evidence**

The motion for a new trial is brought under Fed. R. Crim. P. 33. In the Fourth Circuit, a defendant seeking a new trial based on newly discovered evidence must establish that: (1) the evidence in fact is newly discovered; (2) the defendant has presented facts that permit the Court to infer due diligence on the part of the defendant; (3) the evidence relied upon is not cumulative or impeaching; (4) the assertedly newly discovered evidence is material to the issues; and (5) the evidence probably will result in an acquittal in the event of a new trial. United States v. Chavis, 880 F.2d 788, 793 (4th Cir. 1989) (citing United States v. Bales, 813 F.2d 1289, 1295 (4th Cir. 1987)).

1. **Is the Evidence Newly Discovered?**

The evidence on which the defendant bases this motion is that the calculation error for the gross receipts and sales tax was approximately $191,000 (as acknowledged by the United States at sentencing and as contended by the defendant at trial) and not the approximately $92,000 that the United States acknowledged during the trial. The trial record establishes that Moore was fully aware that the United States had made a calculation error in respect of its gross receipts figures, and that sales and admission taxes,

5

which should have been deducted from the tax calculation, were pertinent to the issue of materiality. Indeed, the defendant presented evidence which, during the trial, the United States acknowledged showed an error of $92,000. Thus, before the trial and during the trial the defendant was fully aware of, and presented evidence about, the very issue which the defendant claims is now newly discovered evidence. Indeed, during the trial the defendant contended that the sales and admission taxes collected by Club Velvet during the tax years in issue was the approximately $191,000 figure and presented evidence intended to show that there was such an error in the Government's tax loss calculations.

The issue was fully aired at the trial and was presented very effectively during the defendant's cross-examination of the Government witnesses, during the defendant's own case, and during closing argument. Accordingly, the evidence that the defendant contends to be newly discovered simply is not newly discovered, in any sense of the term. That alone necessitates denial of his motion.

  2. **None of the Evidence was Cumulative or Impeaching**

The defendant's brief makes quite clear that the evidence on which he relies to seek a new trial was of an impeaching nature. Indeed, evidence of that sort, but as to a different magnitude, was presented at trial as impeaching and was argued as having impeaching effect. And, the point was made by counsel for the

defendant most effectively. The jury, however, did not accept the point. That, however, does not change the fact that the evidence on which the defendant relies is impeaching evidence. Accordingly, the defendant does not meet that component of the test for a new trial.

### 3. None of the Allegedly Newly Discovered Evidence Would Probably Produce an Acquittal at a New Trial

The essence of the defendant's argument is that, if the United States had admitted that the nature of its error was approximately $100,000 greater than the Government in fact admitted at trial, the jury likely would have acquitted Moore. That simply is not the case.

As explained in the MEMORANDUM OPINION (Docket No. 77) denying the motion for new trial, the Government's evidence simply was overwhelming in showing that the defendant was guilty of all three counts presented in the Superseding Indictment. As explained in that opinion, the United States presented evidence under two methods of proof: the specific items method of proof and the indirect method of proof, the latter being based on a modified bank deposits theory. That evidence must be viewed in perspective of the fact that the filing of a false tax return in violation of 26 U.S.C. § 7206(1), as alleged in Counts One and Two, does not require a tax loss calculation as an element in order for there to be a conviction. Tax evasion in violation of 26 U.S.C. § 7201, as alleged in Count Three, simply requires that the tax due be

7

substantial. There is no specific tax loss threshold or amount that must be established as an element of the offense. The Government's evidence established beyond any doubt that there was a substantial tax due. Nothing in the defendant's allegedly newly discovered evidence, i.e., the Government's admission of a loss calculation of $100,000 more than it admitted at trial, undermines the confidence in the verdict.

Accordingly, the defendant has not established that he is entitled to a trial based on newly discovered evidence. The same principles establish that the motion for reconsideration based on the same theory also must be denied.

## CONCLUSION

For the foregoing reasons, the DEFENDANT MOORE'S MOTION TO RECONSIDER COURT'S DENIAL OF POST-TRIAL MOTION FOR A NEW TRIAL OR IN THE ALTERNATIVE, MOTION FOR NEW TRIAL BASED ON NEWLY DISCOVERED EVIDENCE (Docket No. 82) is denied.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: August 9, 2011